## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

SISI LABRADOR, and
All others similarly situated under
29 U.S.C. §216(b),

      Plaintiff,

vs.

LOLA'S GOURMET, LLC,
ERNESTO LEFRANC, individually, and
DOLORES LEFRANC, individually,

      Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff Sisi Labrado ("Plaintiff"), on behalf of herself and all others similarly situated under 29 U.S.C. §216(b), hereby sues Lola's Gourmet, LLC ("LGL"), Ernesto LeFranc ("Ernesto") and Dolores LeFranc ("Dolores") (jointly "Defendants"), and alleges as follows:

### INTRODUCTION

1.      This is an action for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2.      Plaintiff seeks damages within this court's jurisdictional requirements, a reasonable attorneys' fee and costs, and all other remedies allowable by law.

3.      The FLSA counts are brought as a collective action pursuant to 29 U.S.C. §216(b).

4.      Upon information and belief, Defendants have failed to compensate similarly situated employees in accordance with the FLSA by depriving them of the FLSA's required overtime premium and minimum wage payments.

### PARTIES, JURISDICTION AND VENUE

5.      LGL is and was a Florida corporation that conducted business in Miami-Dade County, Florida during the relevant period.

6.      Ernesto is and was an owner and operator of LGL, which conduced business in Miami-Dade, Florida during the relevant period.

7.      Dolores is and was an owner and operator of LGL, which conduced business in Miami-Dade, Florida during the relevant period.

8.      Plaintiff was formerly employed by Defendants and performed work for Defendants in Miami-Dade County, Florida.

9.      Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

### GENERAL ALLEGATIONS

A.  **Defendants' Business, Interstate Commerce, And Employment Of Plaintiff.**

10.      Defendants operate a restaurant and did so during the relevant period.

11.      Plaintiff became employed by Defendants on or around March 2017.

12.      Plaintiff ceased working for Defendants on or around November 5, 2017.

13.      Plaintiff worked as a server for Defendants.

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

14. Defendants' were Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

15. Upon information and belief, LGL's annual volume of sales or business exceeded $500,000 during the relevant period.

16. At all relevant times, Defendants employed two or more employees, including Plaintiff, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

17. Upon information and belief, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

18. Defendants, upon information and belief, accept credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

19. Defendants are employers engaged in interstate commerce and subject to the FLSA.

**B. Defendants' Illegal Payment Practices.**

20. During her employment with Defendants, Plaintiff frequently worked over 40 hours a week.

21. Plaintiff, however, was not compensated for overtime wages in accordance with the Fair Labor Standards Act (FLSA).

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

22.     Defendants willfully and intentionally refused to pay Plaintiff in accordance with the FLSA.

23.     Defendants failed to keep accurate time records for all hours worked by Plaintiff.

**C.   Improper Use Of Tip Credit.**

24.     Defendants generally paid Plaintiff $5 an hour.

25.     Defendants, however, did not allow Plaintiff to take the tips she earned on a "free and clear" basis.

26.     For example, Defendants would improperly reduce Plaintiff's tips by passing along vendor credit card charges to her.

27.     In addition, Defendants, upon information and belief, did not allow Plaintiff to keep all of her tips.  Instead, one or more of the Defendants would retain the tips.

28.     As a result, Defendants did not properly use the FLSA's tip credit.

29.     Because Defendants did not properly use the tip credit, they, at minimum, owed Plaintiff payment at the relevant minimum wage rate, which they failed to pay.

**D.   Defendants' Illegal Payment Practices Affected All Other Similarly Situated Employees.**

30.     Upon information and belief, Defendants' pattern and practice of depriving non-exempt employees of some or all overtime compensation extended to the entire company, including several other similarly situated employees.

31.     Upon information and belief, Defendants' pattern and practice of imposing charges on employees for tips received via credit card and improperly taking employee tips extended to the entire company, including several other similarly situated employees.

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

32.     Defendants' improperly used the FLSA's tip credit, thereby depriving similarly situated employees of the minimum wage they were entitled to.

33.     Defendants failed to keep accurate time records for all hours worked by all other similarly situated employees.

34.     Plaintiff, on behalf of himself and all other similarly situated employees, has retained undersigned counsel and agreed to pay a reasonable attorneys' fee for all services rendered.

## COUNT I

### OVERTIME VIOLATION BY LGL UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED

35.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if fully set forth herein.

36.     As part of its business, LGL purchased goods and materials that traveled through interstate commerce.

37.     These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

38.     Upon information and belief, LGL obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

39.     LGL, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

40.     LGL is an employer engaged in interstate commerce and subject to the FLSA.

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

41.     During his employment with LGL, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half his regularly rate of pay as required by the FLSA.

42.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

43.     Other similarly situated non-exempt employees of LGL were also deprived of overtime compensation at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

44.     In addition, LGL is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.     Enter judgment for Plaintiff against LGL under the FLSA;

b.     Award Plaintiff actual damages for the unpaid wages;

c.     Award Plaintiff liquidated damages;

d.     Award Plaintiff his attorneys' fees and costs;

e.     Award Plaintiff all recoverable interest; and

f.     Award any other relief this Honorable Court deems just and proper.

## COUNT II

### OVERTIME VIOLATIONS AGAINST ERNESTO UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED

45.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if fully set forth herein.

46.      During some of the relevant period, Ernesto was an owner, corporate officer, and operator of LGL.

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

47.     During some of the relevant period, Ernesto operated the day-to-day activities of LGL, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

48.     Ernesto was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during some or all of the relevant period.

49.     During his employment with Defendants, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half his regularly rate of pay as required by the FLSA.

50.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

51.     Other similarly situated non-exempt employees of Defendants were also deprived overtime compensation at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

52.     Ernesto is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.     Enter judgment for Plaintiff against Ernesto under the FLSA;

b.     Award Plaintiff actual damages for the unpaid wages;

c.     Award Plaintiff liquidated damages;

d.     Award Plaintiff his attorneys' fees and costs;

e.     Award Plaintiff all recoverable interest; and

f.     Award any other relief this Honorable Court deems just and proper.

7

## COUNT III

### OVERTIME VIOLATIONS AGAINST DOLORES UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED

53.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if fully set forth herein.

54.      During some of the relevant period, Dolores was an owner, corporate officer, and operator of LGL.

55.     During some of the relevant period, Dolores operated the day-to-day activities of LGL, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

56.     Dolores was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during some or all of the relevant period.

57.     During his employment with Defendants, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half his regularly rate of pay as required by the FLSA.

58.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

59.     Other similarly situated non-exempt employees of Defendants were also deprived overtime compensation at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

60.     Dolores is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

WHEREFORE, Plaintiff respectfully requests that the Court:

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

a.        Enter judgment for Plaintiff against Dolores under the FLSA;

b.        Award Plaintiff actual damages for the unpaid wages;

c.        Award Plaintiff liquidated damages;

d.        Award Plaintiff his attorneys' fees and costs;

e.        Award Plaintiff all recoverable interest; and

f.        Award any other relief this Honorable Court deems just and proper.

## COUNT IV

### MINIMUM WAGE VIOLATIONS BY LGL UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED

61.     Plaintiff Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if fully set forth herein.

62.     As part of its business, LGL purchased goods and materials that traveled through interstate commerce.  These goods and materials were regularly handled by two or more employees and/or resold by LGL to customers during the relevant period.

63.     LGL obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

64.     LGL, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed outside the state of Florida during the relevant period.

65.     LGL was an employer engaged in interstate commerce and subject to the FLSA during the relevant period.

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

66.     During her employment with Defendants, Defendants generally paid Plaintiff $5 an hour.

67.     Defendants, however, did not allow Plaintiff to take the tips she earned on a "free and clear" basis.

68.     For example, Defendants would improperly reduce Plaintiff's tips by passing along vendor credit card charges to her.

69.     In addition, Defendants, upon information and belief, did not allow Plaintiff to keep all of her tips.  Instead, one or more of the Defendants would retain the tips.

70.     As a result, Defendants did not properly use the FLSA's tip credit.

71.     Because Defendants did not properly use the tip credit, they, at minimum, owed Plaintiff payment at the relevant minimum wage rate, which they failed to pay.

72.     In addition, LGL is liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.     Enter judgment for Plaintiff against LGL under the FLSA;

b.     Award Plaintiff actual damages for the unpaid wages;

c.     Award Plaintiff liquidated damages;

d.     Award Plaintiff his attorneys' fees and costs;

e.     Award Plaintiff all recoverable interest; and

f.     Award any other relief this Honorable Court deems just and proper.

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

## COUNT V

### <u>MINIMUM WAGE VIOLATIONS BY ERNESTO UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED</u>

73.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if fully set forth herein.

74.     During the relevant period, Ernesto was an owner and operator of LGL.

75.     During the relevant period, Ernesto operated the day-to-day activities of LGL, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

76.     Ernesto was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

77.     During her employment with Defendants, Defendants generally paid Plaintiff $5 an hour.

78.     Defendants, however, did not allow Plaintiff to take the tips she earned on a "free and clear" basis.

79.     For example, Defendants would improperly reduced Plaintiff's tips by passing along vendor credit card charges to her.

80.     In addition, Defendants, upon information and belief, did not allow Plaintiff to keep all of her tips.  Instead, one or more of the Defendants would retain the tips.

81.     As a result, Defendants did not properly use the FLSA's tip credit.

82.     Because Defendants did not properly use the tip credit, they, at minimum, owed Plaintiff payment at the relevant minimum wage rate, which they failed to pay.

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

83.     In addition, Ernesto is liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

WHEREFORE, Plaintiff Plaintiff respectfully requests that the Court:

a.      Enter judgment for Plaintiff against Ernesto under the FLSA;

b.      Award Plaintiff actual damages for the unpaid wages;

c.      Award Plaintiff liquidated damages;

d.      Award Plaintiff his attorneys' fees and costs;

e.      Award Plaintiff all recoverable interest; and

f.      Award any other relief this Honorable Court deems just and proper.

## COUNT VI

### MINIMUM WAGE VIOLATIONS BY DOLORES UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED

84.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if fully set forth herein.

85.     During the relevant period, Dolores was an owner and operator of LGL.

86.     During the relevant period, Dolores operated the day-to-day activities of LGL, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

87.     Dolores was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

88.     During her employment with Defendants, Defendants generally paid Plaintiff $5 an hour.

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

89.     Defendants, however, did not allow Plaintiff to take the tips she earned on a "free and clear" basis.

90.     For example, Defendants would improperly reduce Plaintiff's tips by passing along vendor credit card charges to her.

91.     In addition, Defendants, upon information and belief, did not allow Plaintiff to keep all of her tips.  Instead, one or more of the Defendants would retain the tips.

92.     As a result, Defendants did not properly use the FLSA's tip credit.

93.     Because Defendants did not properly use the tip credit, they, at minimum, owed Plaintiff payment at the relevant minimum wage rate, which they failed to pay.

94.     Dolores is also jointly and severally liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment for Plaintiff against Dolores under the FLSA;

b.      Award Plaintiff actual damages for the unpaid wages;

c.      Award Plaintiff liquidated damages;

d.      Award Plaintiff his attorneys' fees and costs;

e.      Award Plaintiff all recoverable interest; and

f.      Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Dated:  December 11, 2017

Respectfully submitted,


By: */s/ J. Freddy Perera*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pereralaw.com
**PERERA LAW GROUP, P.A.**
12555 Orange Drive, Suite 268
Davie, Florida 33330
Telephone: 786-485-5232

*Counsel for Plaintiff*

14